IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODNEY F. JACKSON, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,[1] | 1:16-cv-2939-TWT-JKL |
| Defendant. | |

## **NON-FINAL REPORT AND RECOMMENDATION**

This Social Security case is presently before the Court on Plaintiff's motion for a default judgment. [Doc. 16.] According to Plaintiff, the government's answer was due on December 5, 2016, but the government filed its answer late on December 13. Thus, he argues, he is entitled to a default judgment. [*Id.*]

Defendant responds that her answer was not filed late, and in any event, a default judgment cannot be entered against the United States or its agencies

---

[1] When Plaintiff filed this complaint, he named the "Social Security Administration, Appeal Council" as the defendant. The government requests that the name of the defendant be corrected to Nancy A. Berryhill, Acting Commissioner of Social Security, the proper defendant in this case. The Clerk is **DIRECTED** to change the case caption accordingly.

unless the claimant establishes a claim or right to relief by evidence that satisfies the Court.  [Doc. 17].

Federal Rule of Civil Procedure 55(d) provides, "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." In reviewing a decision of the Commissioner of Social Security, a federal court must determine whether substantial evidence supports the Commissioner's decision and whether the decision is based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  Thus, even if the entry of default were appropriate here, Plaintiff is not entitled to a default judgment because he must present evidence and argument based on the administrative record to show that he is entitled to relief from the Commissioner's adverse decision.  *See Owenby v. Gardner*, 264 F. Supp. 424, 425 (N.D. Ga. 1967); *see also Johnson v. Astrue*, No. 8:07-CV-1614-T-30EAJ, 2008 WL 435180, at *4 (M.D. Fla. Feb. 14, 2008) (concluding that a Social Security plaintiff's complaint did not entitle him to relief from an adverse decision of the Commissioner for purposes of a motion for default judgment).

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for a default judgment [Doc. 16] be **DENIED**.

IT IS SO RECOMMENDED this 1st day of February, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge